Case 2:24-cv-00291   Document 27   Filed on 07/18/25 in TXSD   Page 1 of 6
United States District Court
Southern District of Texas
**ENTERED**
July 18, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| WILLIAM KENT MCILYAR, § § Plaintiff, § V. § § CITY OF CORPUS CHRISTI, TEXAS, § § Defendant. § § § | CIVIL ACTION NO. 2:24-CV-00291 |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Before the Court is Magistrate Judge Jason B. Libby's Memorandum and Recommendation ("M&R"). (D.E. 24). The M&R recommends that the Court deny Defendant's D.E. 18 motion to dismiss. *Id.* at 1. Defendant has filed written objections to the M&R. (D.E. 25). After review, the Court **OVERRULES** Defendant's objections, (D.E. 25), and **ADOPTS** the findings and conclusions of the M&R, (D.E. 24). The Court **DENIES** Defendant's motion to dismiss. (D.E. 18).

### I. Law

When a party objects to the findings and recommendations of a magistrate judge, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). A party must point out with particularity any alleged errors in the magistrate judge's analysis. *Pelko v. Perales*, No. 2:23-CV-00339, 2024 WL 1972896, at *1 (S.D. Tex. May 3, 2024) (Ramos, J.). Objections that merely re-urge arguments contained in the original briefing are not proper and will not be considered. *See Edmond v. Collins*, 8 F.3d 290, 293 n.7 (5th Cir. 1993). Moreover, "[f]rivolous, conclusive or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1416 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C.

§ 636(b)(1).

As to any portion for which no objection is filed, a district court reviews for clearly erroneous factual findings and conclusions of law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam).

## II. Objections

Defendant devotes a significant portion of its objections to relitigating its motion to dismiss. (D.E. 25, p. 1–7). Nowhere in this argument regarding failure to state a claim does Defendant point out with particularity any error in the M&R's analysis. *See id.* Indeed, much of the objections reformulate arguments contained in the initial motion to dismiss and lodge a general objection that Plaintiff's complaint fails to state a claim. *See, e.g., id.* at 3 ("One cannot draw the necessary reasonable inference of age or gender discrimination from the facts alleged in [Plaintiff]'s complaint."). The Court will not consider objections that do not point to a particular error in the M&R's analysis. *Pelko*, 2024 WL 1972896, at *1.

The Court now turns to three alleged errors Defendant does specifically articulate. *First*, Defendant objects that the M&R erroneously treated as true Plaintiff's allegation "that his termination was 'an apparent attempt to save money or to transfer more money from Plaintiff's salary to the salary of younger attorneys.'" (D.E. 25, p. 7) (quoting (D.E. 17, p. 10)). Defendant objects that this amounts to a conclusory allegation, which courts do not assume as true for purposes of deciding a motion to dismiss. *Id.* In the relevant portion of its analysis, the M&R notes that Plaintiff alleges that he was replaced by four much younger and less experienced attorneys "in an apparent attempt to save money or to transfer more money from Plaintiff's salary to the salary of younger attorneys in the legal department." (D.E. 24, p. 8) (citing (D.E. 17, p. 1–3, 10–11)). Even excising this allegation regarding Defendant's motive from the M&R's analysis, the Court agrees with the M&R that Plaintiff's allegations suffice to state Title VII and ADEA claims. At the motion to dismiss stage, a plaintiff must

plead facts which, if true, raise an inference that an adverse employment action was taken against him because of his protected status. *Stading v. Tex. A&M Univ.-Texarkana*, No. 5:24-CV-00066, 2025 WL 748631, at *22 (E.D. Tex. Feb. 18, 2025) (Baxter, Mag. J.), *adopted*, No. 5:24-CV-00066, 2025 WL 744464 (E.D. Tex. Mar. 7, 2025) (Gilstrap, J.). As the M&R noted, Plaintiff alleges: (1) he was replaced by four much younger and less experienced attorneys; (2) only younger, less experienced attorneys were receiving pay raises; (3) immediately prior to his termination Plaintiff continuously questioned the City Attorney about this disparate pay; and (4) younger female assistant city attorneys with the same supervisor were permitted to work from home and take extended vacation without receiving any reprimands and continuing to receive promotions and pay raises (while Plaintiff was not afforded such treatment). (D.E. 24, p. 8–9). The Court agrees with the M&R that these facts raise an inference that Plaintiff was terminated because of his age and/or gender, which is all that is required at this stage of the litigation. *Stading v. Tex. A&M Univ.*-Texarkana, No. 5:24-CV-00066, 2025 WL 748631, at *22 (E.D. Tex. Feb. 18, 2025) (Baxter, Mag. J.), *adopted* No. 5:24-CV-00066, 2025 WL 744464 (E.D. Tex. Mar. 7, 2025) (Gilstrap, J.).

*Second*, Defendant objects that the M&R "erred by disregarding a nondiscriminatory reason for McIlyar's discharge that was apparent from the complaint." (D.E. 25, p. 8). Defendant argues that the M&R contravened the Fifth Circuit's decision in *McLin v. Twenty-First Judicial District*, 79 F.4th 411 (5th Cir. 2023) and *Olivarez v. T-mobile USA, Inc.*, 997 F.3d 595 (5th Cir. 2021) by concluding that a "legitimate, nondiscriminatory reason for the adverse action is not pertinent until the summary judgment stage." *Id.* at 8–9 (citation omitted).

Neither case supports Defendant's position. In *Olivarez*, the Fifth Circuit affirmed the district court's dismissal of plaintiff's discrimination claim because they did not "allege facts sufficient to support an inference of transgender discrimination[.]" *Olivarez*, 997 F.3d at 598. Specifically, the Fifth Circuit concluded that the complaint contained "no allegation that any non-transgender employee with

a similar job and supervisor and who engaged in the same conduct as [plaintiff] received more favorable treatment." *Id.* at 600. Neither the district court nor the Fifth Circuit dismissed the claim for failure to plead around the defendant's nondiscriminatory reason. *See id.* Similarly, in *McLin*, the Fifth Circuit affirmed the district court's dismissal of a claim because the plaintiff failed to plead that her "termination was taken against her because of her [race]." 79 F.4th at 418. There, the plaintiff had offered only two facially race-neutral comments to support the racial causation element. *See id.* Again, the Fifth Circuit did not delineate a rule that a plaintiff must plead around a defendant's nondiscriminatory reason. *See id.*

*McLin* and *Olivarez* do not stand for the proposition that a plaintiff must plead around a defendant's non-discriminatory reason. Nor do they factually control here. As the M&R details, Plaintiff offers substantially more factual allegations to support his claim of discrimination than the plaintiff in either *Mclin* or *Olivarez*. What's more, the Fifth Circuit has clearly explained that, although it may be helpful to reference the *McDonnell Douglas* framework (which requires Plaintiff to offer evidence rebutting Defendant's nondiscriminatory reason(s)), it is inappropriate to heighten the pleading standard and subject "a plaintiff's allegations to a rigorous factual or evidentiary analysis under the *McDonnell Douglas* framework in response to a motion to dismiss." *Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 767 (5th Cir. 2019) (citation omitted). Accordingly, and as the M&R correctly explained, "'whether the City had a legitimate, nondiscriminatory reason' for the adverse action 'is not pertinent until the summary judgment stage, and even then, only *after* a plaintiff establishes his *prima facie* case.'" (D.E. 24, p. 10) (quoting *Jenkins v. City of Dallas*, 717 F. Supp. 3d 528, 538 (N.D. Tex. 2024)). Accordingly, the Court **OVERRULES** this objection.

*Third*, Defendant objects that the M&R erred in declining to dismiss Plaintiff's FMLA claim because Plaintiff "did not plead facts showing either an FMLA-qualifying condition or sufficient notice to his employer." (D.E. 25, p. 14). Specifically, Defendant argues that the M&R erroneously

"concluded that, because [Plaintiff] informed his supervisors of his daughter's pregnancy, the City had a duty to inquire further." *Id.* at 12. This, Defendant argues, runs contrary to *Cruz v. Publix Super Markets, Inc.*, 428 F.3d 1379 (11th Cir. 2005), where the Eleventh Circuit found that an employer had no duty to inquire further because it had no indication from the employee that their daughter was experiencing anything other than a normal pregnancy (and therefore no indication of any condition that could potentially qualify for FMLA leave). *Id.* at 11–12.

*Cruz* does not control. There, the Eleventh Circuit found that the plaintiff had not provided her employer with sufficient notice because she "merely expressed her desire to assist her adult daughter during the birth of her grandchild, a condition which the FMLA does not cover." *Cruz*, 428 F.3d at 1386. Unlike in *Cruz*, where the court could ascertain the actual content of the plaintiff's communications with her employer because the case was at summary judgment, here, on a motion to dismiss, precisely what Plaintiff communicated to his employer is not before the Court. Plaintiff alleges he informed his supervisors that he intended to take FMLA leave to be with his daughter "during the birth of her first child and for some time after to care for and assist his daughter in any way that she needed." (D.E. 17, p. 9). And, pregnancy is potentially an FMLA-qualifying condition. *Jordon v. Tex. Dep't of Aging and Disability Servs.*, No. 9:05-CV-161, 2006 WL 1804619, at * 6 (E.D. Tex. June 28, 2006) (Clark, J.). Drawing all reasonable inferences in Plaintiff's favor, Plaintiff has stated a claim. Courts should not "apply categorical rules for the content of the [FMLA] notice," but rather should focus on what is "'practicable' based on the facts and circumstances of each individual." *Lanier v. Univ. of Tex. Sw. Med. Ctr.*, 527 F. App'x 312, 316 (5th Cir. 2013). A reasonable inference from Plaintiff's allegations is that his daughter may have been experiencing a pregnancy that constituted a serious medical condition and, thus, would have qualified him for FMLA leave. And, as *Cruz* noted, "the employee need only provide her employer with notice sufficient to make the employer aware that her absence is due to a *potentially FMLA-qualifying reason.*" *Cruz*, 428 F.3d at 1382 (citation omitted).

At this stage, Plaintiff has pled facts which make it plausible that he gave such notice. The question of the precise content of the notice given and whether it suffices is best left for summary judgment. The Court **OVERRULES** this objection.

### III. Conclusion

Having reviewed the proposed findings and conclusions of the M&R, the record, the applicable law, and having made a de novo review of the portions of the M&R to which Plaintiff objected, 28 U.S.C. § 636(b)(1)(C), the Court **OVERRULES** Defendant's objections, (D.E. 25), and **ADOPTS** the finding and conclusions of the M&R, (D.E. 24). The Court **DENIES** Defendant's motion to dismiss. (D.E. 18).

SO ORDERED.

DAVID S. MORALES
UNITED STATES DISTRICT JUDGE

Signed: Corpus Christi, Texas
July 18, 2025